**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| ELMER P. SCHECKEL, JOSEPH P. SCHECKEL and MARK T. SCHECKEL, | |
| Plaintiffs, | No. C-05-2071-LRR |
| vs. | **ORDER** |
| UNITED STATES OF AMERICA and INTERNAL REVENUE SERVICE, | |
| Defendants. | |

Before the court is Defendants' Motion to Dismiss (docket no. 10).

## *I. PRIOR PROCEEDINGS*

On October 12, 2005, Plaintiffs filed a Complaint.[1] Plaintiffs allege that Defendants are illegally taxing their incomes. Among other things, Plaintiffs claim that the Sixteenth Amendment to the United States Constitution[2] does not authorize Defendants to tax their income. Plaintiffs also maintain Article I, Section I of the Iowa Constitution[3]

---

[1] Plaintiffs are proceeding pro se. Their pleadings are to be liberally construed and held to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

[2] "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI.

[3] "All men and women are, by nature, free and equal, and have certain inalienable rights—among which are those of enjoying and defending life and liberty, acquiring,

(continued…)

grants them an inalienable right to receive income. Plaintiffs ask the court to enjoin Defendants from all collection procedures and issue a declaratory judgment, that is, "to clarify if it is required for the Plaintiffs to file a tax return and pay a tax for income gained under a right."

On November 18, 2005, Defendants filed the instant Motion to Dismiss. Defendants claim the Plaintiffs' action fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants claim the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Anti-Injunction Act, 26 U.S.C. § 7421, deprive the court of jurisdiction to grant Plaintiffs the relief they request. Defendants thus claim Plaintiffs' lawsuit violates the sovereign immunity of the United States. Plaintiffs filed a Resistance on December 5, 2005.

### III. PRINCIPLES OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, the court must assume that all facts alleged by the plaintiff are true. *Gross v. Weber,* 186 F.3d 1089, 1090 (8th Cir. 1999). The court also must liberally construe the complaining party's allegations in the light most favorable to the non-movant. *Id.* "[A] court should grant the motion and dismiss the action 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v. Lemaire,* 112 F.3d 1339, 1347 (8th Cir. 1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). Federal Rule of Civil Procedure 12(b)(6) does not permit dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "A motion to dismiss should be granted as a practical matter only

---

[3](…continued)
possessing and protecting property, and pursuing and obtaining safety and happiness." Iowa Const. art. I, § 1.

in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995) (internal quotation marks and ellipses omitted).

## IV. THE MERITS

For the reasons stated in Defendants' brief, the court grants the Motion to Dismiss. Plaintiffs request injunctive relief and a declaratory judgment regarding the payment of income tax, but the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201, forbid suits for the purpose of restraining the assessment or collection of any tax. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974); *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). Plaintiffs do not allege that their claims fall within the limited judicial exception set forth in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7 (1962). *See id.* (allowing injunction when taxpayer can show that under no circumstances could the government prevail); *see also Porter*, 99 F.3d at 274 (declining to consider the possibility of an *Enochs* exception when not raised). Accordingly, the court grants Defendants' Motion to Dismiss. Fed. R. Civ. P. 12(b)(6).

The court notes that it recently rejected similar claims brought by Plaintiff Elmer Scheckel in a prior lawsuit. *See Scheckel v. IRS*, No. CV-03-2045-LRR, 2004 WL 1771063 (N.D. Iowa June 18, 2004); *see also Scheckel v. Iowa Dep't of Revenue & Fin.*, 292 F. Supp. 2d 1169 (N.D. Iowa 2003) (rejecting Elmer Scheckel's attempt to prevent state taxing authority from collecting state income taxes and to receive refund of all state income taxes he had paid to state), *aff'd*, 102 Fed. Appx. 516 (8th Cir. 2004). In that order, the court noted that the complaint "contain[ed] frivolous and groundless tax protester rhetoric that has been rejected repeatedly by this and every other court that has considered it." The same holds true here.

Plaintiffs are put on notice that the filing of future frivolous and groundless lawsuits

may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11.

> Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. "Tax protesters" have convinced themselves that wages are not income, . . . , that the Sixteenth Amendment is unconstitutional, and so on. These beliefs all lead—so tax protesters think—to the elimination of their obligation to pay taxes. The government may not prohibit the holding of these beliefs, but it may penalize people who act on them.
> . . . .
> [The tax protesters] knew or should have known that their claims are frivolous, and they (rather than their adversary) must pay the cost of their self-indulgent litigation.

*Coleman v. Comm'r of Internal Revenue*, 791 F.2d 68, 69, 73 (7th Cir. 1986) (sanctioning tax protester $1500 in 1986 pursuant to 26 U.S.C. §§ 6673 and 6702).

## V. CONCLUSION

Upon consideration of the record, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (docket no. 10) is **GRANTED** and
2. This matter is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED** this 13th day of December, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA